Opinion of the Court, by
Judge Owsley.
STILL exhibited his bill in the Shelby circuit court, against Swan, in which he charges, that he purchased a certain tract of land, as therein described, from Swan; that he paid Swan $526 87 1-2 cents, and executed *156 his obligation for $327, the balance of the purchase money; that Swan has prosecuted an action, and obtained a judgment at law against him on the obligation, in the Shelby circuit court; that he tendered the amount due to Swan, and demanded a title; but that the legal title is not in Swan, whereby he cannot convey. He prays in his bill, that Swan should convey a title to the land, by special warranty deed, according to contract; and, until he should be ready to do so, for an injunction on the judgment, and for general relief.
Justices of the peace have no authority to receive the acknowledgment of a deed for any interest except dower, unless empowered by dedimus.
Swan, by his answer, admits the sale to Still, and the payment of $526 87 1-2 cents. He also admits that Still executed the obligation for the payment of the balance of the purchase money, upon which judgment at law was obtained; but charges the legal title of the land is in him. He derives title by exhibiting a patent for the land from the Commonwealth of Virginia to James Harrod, and a deed from John Fontleroy and Margaret Fontleroy, his wife, who are heirs to said Harrod, to him, Swan. He alleges he is willing to convey, and that he did offer to make a title to Still, who refused to receive it.
By the deed and certificates thereon, from Fontleroy and wife to Swan, it appears to have been acknowledged according to the provisions of the law prescribing the mode for conveying land, by the husband, to which he has title, and the relinquishing of dower therein by the wife. The title would have vested in Swan by the deed, had the legal title been in Fontleroy; but the legal title being in the wife of Fontleroy, she cannot be divested thereof, by that mode of acknowledgment. Justices of the peace are alone authorised to receive the acknowledgment of the wife, in conveying lands to which she has title, when specially empowered by commission issuing from the clerk of the court where the deed should regularly be recorded; and the justices, when empowered, are required to observe different rules in taking the acknowledgment, in such cases, than are required in the relinquishment of dower. This lack of title in Swan, is most assuredly a good equitable bar to his recovering the money under his judgment. But it becomes necessary to enquire whether the proper parties were before the court, to authorise a decree for the relief prayed in the bill. In the case of Rochester vs. Anderson, this term, it was de *157 cided, that to authorise a decree for a specific execution of a contract, the person having the legal title must be before the court. We are not disposed to depart from the principle of that decision, but think it correct. By the statements of the complainant in his bill, as well as from the exhibits and depositions in this cause, it is manifest the person having the legal title is not before the court. It would, therefore, have been error for the court to have decreed the relief prayed under the bill, thus circumstanced. But, in the case of Barry, &c. vs. Rogers, (2 Bibb 314,) it was decided, that in all cases where the proper parties are not before the court, the bill should be dismissed without prejudice. If that principle be correct, of which we have no doubt, the bill, in this case, should have been dismissed without prejudice. The decree of the circuit court, in dismissing the complainant’s bill, is correct; but it is erroneous, in not dismissing it without prejudice.
Note.—The necessity of a dedimus in such cases, was decided in the case of Pope vs. Stansbury, &c. 2 Bibb 484, which has been followed by repeated adjudications since; but I am not aware of any printed case, in which the court advert to the certificate itself.
There are cases in which a dedimus has issued, and in which estates of inheritance, belonging to heiresses of early settlers, are held on certificates similar to the one in this case. The certificate in this case was as follows:
“Mercer Country, Sct.—Margaret Fontleroy, the under-subscriber to the within deed, personally appeared before us, Thomas Freeman and James Westerfield, two of the commonwealth’s justices of the peace for said county, and acknowledged the same to be her hand and seal; and being examined separate and apart from her husband, did, of her own voluntary will and accord, acknowledge her relinquishment of dower, of, in and to the within mentioned land, as the law directs, and desired the same to be entered on record. Given under our hands, the 20th day of April, 1807.
THOMAS FREEMAN,
JAMES WESTERFIELD.
Decree reversed, with directions to the court below to enter a decree accordingly, &c.